UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMONWEALTH LAND TITLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>830 EDDY STREET, LLC, et al.,<br><br>Defendants. | Case No. 20-cv-07097-JSC<br><br>**ORDER RE: MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, ANSWER, AND AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 78 |

Before the Court is the motion for leave to file amended complaint, answer, and affirmative defenses of Plaintiff Commonwealth Land Title Insurance Company ("Commonwealth").[1] (Dkt. No. 78.)[2] The motion is unopposed. After carefully considering the motion and supporting documents, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the August 5, 2021 hearing, and GRANTS the motion for the reasons explained below.

## BACKGROUND

This matter is a title insurance dispute between Commonwealth (an insurer) and four Defendants (three limited liability companies and one corporation) involved in a development project at 830 Eddy Street in San Francisco, California. Commonwealth initiated the matter with a complaint against 830 Eddy Street, LLC; MFA 830 Eddy LLC; Build Inc.; and 830 Eddy Investment, LLC. (Dkt. No. 1.) MFA 830 Eddy LLC and 830 Eddy Street, LCC answered and

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 13, 16, 18.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1    counterclaimed against Commonwealth.  (Dkt. No. 22.)  830 Eddy Investment, LLC and Build

2    Inc. answered.  (Dkt. Nos. 24, 25.)  Commonwealth answered the counterclaim and asserted

3    affirmative defenses.  (Dkt. No. 57.)

4           Since those filings, according to Commonwealth, its discovery requests in this case have

5    produced new evidence that supports amending the complaint to include additional claims and

6    parties, and amending the answer to include additional affirmative defenses.  The documents

7    produced include emails and records from a utility survey conducted in 2016, which informed

8    Defendants that utility lines, running underneath the 830 Eddy Street property into neighboring

9    properties, might impede construction.  (*See* Dkt. No. 78-3 at 4–6.)  The documents suggest that

10   Defendants "concealed material information from Commonwealth (1) in securing the insurance

11   policy at issue in this case, (2) in making a claim for coverage thereunder, and (3) during

12   Commonwealth's attempts to administer and investigate the claim."  (Dkt. No. 78 at 3.)

13          The proposed First Amended Complaint ("FAC") brings the following additional claims: a

14   declaratory judgment that the title insurance claim is not covered, (Dkt. No. 78-3 ¶¶ 200-218); for

15   breach of contract, a declaratory judgment that Commonwealth is indemnified against any valid

16   claim under the title insurance policy, (*id.* ¶¶ 219-244); rescission of the insurance policy, (*id.* ¶¶

17   245-279); fraud by concealment or omission, deceit by suppression, actual fraud by suppression,

18   and rescission, (*id.* ¶¶ 280-309); fraud by misrepresentation, deceit by assertion or suggestion,

19   actual fraud by suggestion or assertion, and rescission, (*id.* ¶¶ 310-348); for breach of contract, a

20   declaratory judgment that Commonwealth is indemnified against 830 Eddy Owner, LLC, (*id.* ¶¶

21   349-368); and a declaratory judgment that 830 Eddy Street, LLC is not entitled to coverage and

22   MFA 830 Eddy LLC is entitled to only partial coverage, (*id.* ¶¶ 369-377).  The FAC names as

23   additional Defendants: (1) 830 Eddy Owner, LLC, a predecessor in interest to current Defendant

24   830 Eddy Street, LLC, and of which current Defendant 830 Eddy Investment, LLC was a member;

25   and (2) Strand 830 Eddy, LLC, which was a member of 830 Eddy Owner, LLC.  (*Id.* at 3, 5.)  The

26   proposed First Amended Answer ("FAA") asserts the following new affirmative defenses:

27   Commonwealth is entitled to rescind the insurance policy due to concealment, (Dkt. No. 78-5 at

28   16–17); Commonwealth is entitled to rescind the insurance policy due to misrepresentation, (*id.* at

17–18); actual fraud, (*id.* at 18–20); fraud or deceit by omission or misrepresentation, (*id.* at 20–21); exclusion 3(b) of the title insurance policy, (*id.* at 21); exclusion 3(a) of the title insurance policy, (*id.* at 22); failure to mitigate damages, (*id.*); assumption of risk, (*id.* at 22–23); failure to notify under condition 3 of the title insurance policy, (*id.* at 23); laches, (*id.* at 23–24); loss-in-progress, (*id.* at 24); limitations on punitive damages under the United States and California Constitutions, (*id.*); failure to comply with condition 9(c) of the title insurance policy, (*id.* at 24–25); and full performance of condition 9(a) of the title insurance policy, (*id.* at 25).

## DISCUSSION

### I. Leave to Amend

Under Federal Rule of Civil Procedure 15, a party may amend a pleading before trial "with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Nonetheless, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Undue delay cannot alone justify the denial of a motion to amend. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712–13 (9th Cir. 2001). The most important factor is prejudice to the opposing party. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* at 1052.

Leave to amend is appropriate here, where none of the four factors supporting denial are present. First, there is no indication that granting leave to amend would result in prejudice to Defendants. Fact discovery does not close until September 14, 2021. (Dkt. No. 46.) *See Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013) (explaining that courts in the Ninth Circuit often evaluate prejudice in terms of whether amendment will result in relevant deadlines being continued). Commonwealth asserts that the facts underlying its proposed amendments were known to Defendants and only became known to Commonwealth during discovery, suggesting

that Defendants cannot be prejudiced by information that they failed to disclose until recently. Moreover, Defendants did not oppose Commonwealth's motion, and no other basis for prejudice is apparent.

Second, there is no indication that Commonwealth seeks leave to amend in bad faith.

Third, Commonwealth filed its motion for leave to amend by the deadline stipulated by the parties and approved by the Court. (Dkt. Nos. 72, 63; Dkt. No. 62 at 11–12.) Therefore, there has been no undue delay.

Fourth, there is no indication of futility. A futile amendment is one that "could not affect the outcome of th[e] lawsuit." *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). The documents produced allow Commonwealth to plead additional and particularized facts that strengthen its claims and defenses, and thus may affect the outcome of this case.

## II.     Diversity Jurisdiction

The Court reminds Commonwealth, (*see* Dkt. No. 42), that "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Because the FAC names two limited liability companies as additional Defendants, Commonwealth must establish the basis for diversity jurisdiction—but it has not done so. (Dkt. No. 78-3 ¶ 25 (identifying diversity jurisdiction as the basis for the Court's subject matter jurisdiction); *id.* ¶¶ 23, 24 (identifying additional Defendant 830 Eddy Owner, LLC as a "California limited liability company [with] its principal place of business [] in California" and additional Defendant Strand 830 Eddy, LLC as "a Nevada limited liability company").) Accordingly, the FAC must allege the citizenship of each member of the new limited liability company Defendants to properly demonstrate the Court's subject matter jurisdiction under the appropriate legal standard.

## CONCLUSION

The motion for leave to amend is GRANTED and the August 5, 2021 hearing is VACATED. After amending the proposed FAC to establish subject matter jurisdiction under the appropriate standard, on or before **August 5, 2021** Commonwealth shall file the FAC, (Dkt. No.

4

1  78-2), and FAA, (Dkt. No. 78-4), lodged with its motion.  The Clerk shall add 830 Eddy Owner,

2  LLC and Strand 830 Eddy, LLC as defendants on the docket.  Commonwealth shall serve the FAC

3  and FAA on all Defendants in accordance with the Federal Rules of Civil Procedure and Civil

4  Local Rules.

This Order disposes of Docket No. 78.

**IT IS SO ORDERED.**

Dated: July 30, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge